**Svend PETERSEN, Plaintiff–Appellant,**

v.

**PACIFIC GAS AND ELECTRIC COMPANY, Defendant–Appellee.**

No. 99–16581.

D.C. No. CV–98–01323–MHP.

United States Court of Appeals, Ninth Circuit.

Argued Feb. 13, 2001.

Submission Deferred Feb. 13, 2001.

Submitted Feb. 20, 2001.

Decided March 1, 2001.

Before ALARCON, KOZINSKI and HAWKINS, Circuit Judges.

### MEMORANDUM*

■ The district court properly concluded that the settlement agreement complied with the Older Workers Benefit Protection Act ("OWBPA"). The cross-reference in the settlement agreement to Petersen's verified complaint was sufficient under the OWBPA. 29 U.S .C. § 626(f)(1)(B). It was a "specific" reference to Petersen's ADEA claim because it clearly identified the specific claims released (those in Petersen's complaint). Petersen was also given adequate time to consider the settlement. 29 U.S.C. § 626(f)(2)(B). Although Petersen elected to execute the settlement agreement on the day following the settlement conference, there is no indication he was required to do so by PG & E. *Lloyd v. Brunswick Corp.*, 180 F.3d 893, 895 (7th Cir.1999) (party may elect to "sign on the spot").

■ The district court also properly refused to set aside the settlement because of Petersen's contention that there had been no meeting of the minds as to the confidentiality clause. Petersen's contention is contrary to the plain language of the agreement, which includes both the confidentiality clause and a representation that Petersen had read the agreement and approved and accepted its terms. *See*

*Winet v. Price*, 4 Cal.App.4th 1159, 1168–69, 6 Cal.Rptr.2d 554 (1992) ("[W]hen a person with the capacity of reading and understanding an instrument signs it, he is ... bound by its contents, and is estopped from saying that its provisions are contrary to his intentions or understanding ....") (internal quotation marks omitted).

■ Finally, PG & E never asserted to the court (or anyone, for that matter) that Petersen lacked capacity at the time of the settlement. It was thus not inconsistent for PG & E to defend the settlement and contend Petersen was competent to contract. Accordingly, the facts of this case do not justify invoking the equitable doctrine of judicial estoppel. *See Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600–01 (9th Cir.1996).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.